1  DAVID M. POITRAS P.C. (CA Bar No. 141309)
   ALEXIS M. McGINNESS (CA Bar No. 241449)
2  JEFFER MANGELS BUTLER & MITCHELL LLP
   1900 Avenue of the Stars, Seventh Floor
3  Los Angeles, California  90067-4308
   Telephone:    (310) 203-8080
4  Facsimile:    (310) 712-8571
   Email:        dpoitras@jmbm.com
5
   Counsel for Westrim, Inc.,
6  Debtor and Debtor-in-Possession

FILED & ENTERED

JUN 06 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY williams   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | CASE NO.    1:11-bk-15313-GM |
| WESTRIM, INC. dba WESTRIM CRAFTS, a Delaware corporation. | Chapter 11 |
| Debtor. | **ORDER AUTHORIZING: (A) SALE OF CERTAIN ASSETS OF THE ESTATE, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) RELATED RELIEF** |
| | **Hearing:** |
| | Date:     May 25, 2011<br>Time:     10:30 a.m.<br>Ctrm:     303<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

A hearing on the Motion for Order Authorizing: (A) Sale of Certain Assets of the Estate,

Free and Clear of all Liens, Claims, Encumbrances and Interests; (B) Assumption and Assignment of

Certain Executory Contracts and Unexpired Leases; and (C) Related Relief (the "Sale Motion") filed

by the debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), was

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
7827352v1

1   held before this Court on May 25, 2011 at 10:30 a.m. (the "Hearing").  Appearances were as noted

2   on the record.  Any capitalized terms not otherwise defined herein are as defined in the Sale Motion

3   or Sale Agreement, as applicable.

4          Having considered the Sale Motion, the Declarations of Ronald B. Cooper ("Cooper

5   Declaration") and Christopher M. McLain in support thereof ("McLain Declaration"), and all related

6   pleadings in support, any opposition thereto, and the arguments of counsel,

7          **THE COURT FINDS THAT:**

8          A.     Notice of the Hearing and the Sale Motion was proper and adequate and a reasonable

9   opportunity to object or be heard with respect to the Sale Motion has been afforded to all interested

10  persons and entities.

11         B.     The bidding procedures (the "Bidding Procedures") established by the Order

12  Establishing Bidding Procedures for the Sale of a Substantial Portion of the Estate's Assets (the

13  "Bidding Procedures Order") have been fully complied with in all material respects by the Debtor

14  and Blue Moon Beads Acquisition Corp. (or its assignee, hereinafter "Purchaser" or "Acquisition

15  Corp.").  The Debtor has marketed the Assets and conducted the auction process in compliance with

16  the Bidding Procedures Order, the Bidding Procedures, and applicable law.

17         C.     The Asset Purchase and Sale Agreement that is attached as Exhibit 1 to the McLain

18  Declaration (the "Sale Agreement") reflects the exercise of the Debtor's sound business judgment.

19  Approval at this time of the Sale Agreement and consummation of the transactions contemplated

20  therein (the "Sale Transaction") is in the best interests of the Debtor, its estate, its creditors and other

21  parties in interest.  The Court will hold a hearing on June 2, 2011 at 9:00 a.m. to consider approval of

22  the Transition Services Agreement contemplated by the Sale Transaction.

23         D.     The terms and conditions of the Sale Agreement and, the purchase price to be paid to

24  the Debtor by Acquisition Corp. (i) are fair and reasonable, (ii) represent the highest or best offer for

25  the Assets (as such term is defined in the Sale Agreement), (iii) will provide a greater recovery for the

26  Debtor's creditors than would be provided by any other practical available alternative, and (iv)

27  constitute fair consideration for the Assets.

28

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

7827352v1

1    E.    No consents or approvals, other than this Order and those expressly provided for in

2    the Sale Agreement, are required for the Debtor to consummate the Sale Transaction and Purchaser to

3    acquire the Assets (including the Assigned Contracts).

4    F.    Acquisition Corp. has acted in good faith and is entitled to the protections of Section

5    363(m) of the Bankruptcy Code.

6    G.    The Sale Agreement was negotiated, proposed and entered into by the Debtor and

7    Acquisition Corp. without collusion, in good faith, and from arm's-length bargaining positions.

8    Neither the Debtor nor Acquisition Corp. has engaged in any conduct that would cause or permit the

9    Sale Agreement to be avoided under Section 363(n) of the Bankruptcy Code.

10    H.    Upon entry of this Order, the Debtor will have full corporate power and authority to

11    consummate the transaction contemplated by the Sale Agreement.  The Sale Transaction has been

12    duly and validly authorized by all necessary corporate action of the Debtor and will, upon

13    consummation thereof (the "Closing"), (i) be a legal, valid, and effective transfer of the Assets to

14    Acquisition Corp. and (ii) vest Acquisition Corp. with good title to the Assets free and clear of all

15    liens, claims, encumbrances and interests.

16    I.    The Debtor has demonstrated both (i) good, sufficient, and sound business purpose

17    and justification; and (ii) compelling circumstances for the Sale Transaction in accordance with

18    section 363(b) of the Bankruptcy Code without the filing and confirmation of a plan of reorganization

19    in the Debtor's chapter 11 case, including, without limitation, that (a) a good business reason exists

20    for the Sale Transaction and the Sale Transaction is in the best interests of the estate's creditors; and

21    (b) the bid procedure process conducted in connection with the Sale Transaction permitted

22    Acquisition Corp.'s offer to be tested against other offers.

23    J.    The Debtor may consummate the Sale Transaction, including the transfer of the

24    Assets to Acquisition Corp. under the Sale Agreement free and clear of all liens, claims,

25    encumbrances and interests of any kind or nature whatsoever because one or more of the standards

26    set forth in Sections 363(f)(l) - (5) of the Bankruptcy Code has been satisfied.  Those non-debtor

27    parties with liens, claims, encumbrances and interests of any kind or nature whatsoever in the Assets

28    who did not object to the Sale Motion and the relief requested therein, or who withdrew their

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON

RECYCLED PAPER

7827352v1

- 3 -

1  objections, to the Sale Transaction are deemed to have consented pursuant to Sections 363(f)(2) and

2  365 of the Bankruptcy Code.  Those non-debtor parties with liens, claims, encumbrances and

3  interests of any kind or nature whatsoever in the Assets who did object to the Sale Motion and the

4  relief requested therein fall within one or more of the other subsections of Sections 363(f) and 365 of

5  the Bankruptcy Code and are adequately protected by having their liens attach to the net sale

6  proceeds of the Sale Transaction with the same validity, enforceability, priority, force and effect that

7  they now have as against the Assets, subject to the rights, claims, defenses and objections, if any, of

8  the Debtor and all interested parties with respect to such liens or the claims secured thereby.

9       K.     Except as otherwise provided in the Sale Agreement, consummation of the Sale

10  Transaction will not subject Acquisition Corp. to any debts, liabilities, obligations, commitments,

11  responsibilities or claims of any kind or nature whatsoever, whether known or unknown, contingent

12  or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtor, any affiliate

13  of the Debtor, or any other person by reason of such, transfers and assignments, including, without

14  limitation, based on any theory of antitrust or successor or transferee liability.

15       L.     Exhibit 3 to the Sale Motion, filed with the Court on May 24, 2011 (Docket No. 47),

16  designates the executory contracts, agreements, supplier purchase orders, sales orders from customers

17  and unexpired leases that the Debtor intends to  assume and assign to Acquisition Corp. (the

18  "Assigned Contracts"); provided that any such Assigned Contracts that are supplier purchase orders

19  or sales orders from customers does not include any related entitlement agreements, rebate

20  agreements, advertising agreements, vendor agreements, domestic master vendor contracts, vendor

21  partnership agreements vendor terms agreements or similar agreements between Debtor and its

22  customers or vendors.  The Court will hold a hearing on June 2, 2011 at 9:00 a.m. to resolve any

23  disputes concerning Debtor's proposed assumption and assignment of the Assigned Contracts.  Prior

24  to the June 2, 2011 hearing, Debtor, with the consent of Acquisition Corp., intends to amend the

25  schedule of Assigned Contracts to add additional contracts, agreements, supplier purchase orders or

26  sales orders from customers or delete contracts, agreements, supplier purchase orders or sales orders

27  from customers presently scheduled, on notice to the applicable non-debtor party.

28       Based on the foregoing and the other findings and conclusions stated orally in the record,

PRINTED ON
RECYCLED PAPER

7827352v1

- 4 -

1  and good cause appearing therefore,

2  **IT IS HEREBY ORDERED THAT:**

3      1.      The Notice of the Hearing and the Sale Motion is approved as proper and adequate

4  under the circumstances.

5      2.      The Sale Motion is granted, and the sale of the Assets to Acquisition Corp. is

6  approved as the highest and best offer.

7      3.      All objections to the Sale Motion, including, without limitation, any objections

8  interposed at the hearing on the Sale Motion, or the relief requested therein that have not been

9  withdrawn, waived, or settled, and all reservation of rights included therein, are hereby overruled on

10  the merits.

11      4.      The Debtor is authorized to sell the Assets for the purchase price in accordance with

12  the terms and conditions that are set forth in the Sale Agreement.

13      5.      Upon Closing, the Exclusive License Agreement shall be assumed by Acquisition

14  Corp.

15      6.      Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, upon Closing, the

16  Assets shall be transferred by the Debtor to Acquisition Corp., free and clear of all mortgages,

17  security interests, conditional sale or other title retention agreements, pledges, liens, judgments,

18  demands, encumbrances, easements, restrictions, interests or charges of any kind or nature, if any,

19  including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other

20  exercise of any attributes of ownership (the foregoing collectively referred to as "Liens" herein) and

21  all debts arising in any way in connection with any acts of the Debtor, including without limitation

22  all claims (as such term is defined in the Bankruptcy Code), obligations, demands, rebates,

23  allowances, credits, guaranties, options, rights, contractual commitments, restrictions, interests and

24  matters of any kind and nature, arising prior to the Closing or relating to acts occurring prior to the

25  Closing, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing

26  collectively referred to as "Claims") herein.

27      7.      Unless the holders of the Liens and Claims have agreed to other treatment, their

28  Liens or Claims shall attach to the net sale proceeds of the Sale Transaction with the same force,

PRINTED ON

RECYCLED PAPER

7827352v1

- 5 -

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  effect, validity and priority that previously existed against the Assets.  Net sale proceeds of the Sale

2  Transaction include: (i) Two Million Five Hundred Thousand Dollars ($2,500,000), plus or minus

3  the Inventory Adjustment, (ii) the Earn Out Payments, if any, pursuant to the terms of the Sale

4  Agreement, and  (iii) an additional payment of $250,000 on March 31, 2012.

5         8.      Immediately upon receipt, the net sale proceeds of the Sale Transaction are to be

6  paid first, up to $194,000 less any amounts previously paid to Involuntarily Terminated Employees

7  for accrued deferred time off compensation ("DTO"), for (i) any DTO owing to any employee

8  terminated as a result or consequence of the Sale Transaction; (ii) any DTO owing to any

9  Involuntarily Terminated Employee terminated prior to the closing of the Sale Transaction; and (iii)

10  any DTO owing to any employee who voluntarily terminates his employment; and second, up to

11  $135,000 on account of the Carve-Out, less any amounts previously paid on account of the Carve-

12  Out pursuant to the DIP Financing Budget.  The remainder of the net sale proceeds of the Sale

13  Transaction shall be held by Debtor in a segregated interest bearing account as follows: the

14  Creditors' Committee shall have ninety (90) days from May 25, 2011 to file, on behalf of the

15  Debtor's estate, and to serve upon counsel for Newstar, a procedurally proper challenge respecting

16  the validity, extent, priority, avoidability or enforceability of the Pre-Petition Debt or the Pre-Petition

17  Liens and security interests (each a "Challenge").  The 90-day objection period shall end on August

18  23, 2011.  If a chapter 11 or chapter 7 trustee is appointed within the 90-day objection period, such

19  trustee will have an additional thirty (30) days in which to file and serve a Challenge upon counsel

20  for Newstar.  In the event (i) a Challenge is not filed and properly served within the 90-day period

21  described above, or (ii) a final order is entered denying all such Challenges, then the Debtor shall pay

22  the net sale proceeds of the Sale Transaction to Newstar Business Credit, LLC, up to the amount of

23  its pre-petition and post-petition secured claims.  In the event a Challenge is filed and properly served

24  by the Committee within the 90-day period described above (or 120-day period if a chapter 11 or

25  chapter 7 trustee is appointed within that 90-day objection period), Debtor shall continue to hold the

26  net sale proceeds of the Sale Transaction in a segregated interest bearing account until entry of a final

27  order adjudicating such Challenge.

28

PRINTED ON
RECYCLED PAPER

7827352v1

- 6 -

9. Except as expressly permitted by the Sale Agreement, all persons and entities, including, but not limited to, all holders of the Debtor's indebtedness, debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Liens or Claims against the Debtor or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated, known or unknown), arising on or before the Closing, or out of, under, in connection with, or in any way relating to, events occurring prior to the Closing, with respect to Assets hereby are forever barred, estopped, and permanently enjoined from asserting such Liens and Claims of any kind and nature against Acquisition Corp., its successors or assigns, their property, or the Assets.

10. The Debtor is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any Liens or Claims, that are necessary or appropriate to effectuate or consummate the Sale Transaction in accordance with this Order and the Sale Agreement. Acquisition Corp. is hereby authorized to file, register, or otherwise record UCC termination statements and/or a certified copy of this Order in appropriate filing offices, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens or Claims of any kind or nature whatsoever in or against the Assets.

11. Acquisition Corp. has assumed only those liabilities of the Debtor as are expressly set forth in the Sale Agreement. Without limiting the generality of the foregoing, except as otherwise provided in the Sale Agreement and documents executed in connection therewith (including with respect to the Assumed Liabilities (as defined in the Sale Agreement)), Acquisition Corp. is not assuming nor shall it in any way whatsoever be liable or responsible, as a successor or otherwise, for any liabilities, debts, commitments or obligations (whether known or unknown, disclosed or undisclosed, absolute, contingent, inchoate, fixed or otherwise) of the Debtor or any liabilities, debts, commitments or obligations in any way whatsoever relating to or arising from the Assets or the Debtor's operations or use of the Assets on or prior to or after the Closing or any such liabilities, debts, commitments or obligations that in any way whatsoever relate to periods on or prior to or after the Closing or are to be observed, paid, discharged or performed on or prior to or

PRINTED ON
RECYCLED PAPER

7827352v1

1  after the Closing (in each case, including any liabilities that result from, relate to or arise out of tort

2  or other product liability claims), or any liabilities calculable by reference to the Debtor or its assets

3  or operations, or relating to continuing conditions existing on or prior to or after the Closing, which

4  liabilities, debts, commitments and obligations are hereby extinguished insofar as they may give rise

5  to successor liability, without regard to whether the claimant asserting any such liabilities, debts,

6  commitments or obligations has delivered to Acquisition Corp. a release thereof.

7    12.    The Debtor, and any escrow agent, upon the Debtor's written instruction, shall be

8  authorized to make such disbursements on or after the closing of the sale as are required by the Sale

9  Agreement or order of this Court, including, but not limited to, payment of taxes arising or resulting

10  from or in connection with the conduct of the Blue Moon Beads business or the ownership of the

11  Assets attributable to the period pre-closing of the Sale.

12    13.    The execution of the Sale Agreement by the Debtor and its officers, employees and

13  agents is hereby ratified as fully authorized, and the Debtor and its officers, employees and agents

14  may further execute all other related documents as are reasonably necessary or appropriate to

15  complete the sale, and to undertake such other actions as may be reasonably necessary or

16  appropriate to complete the sale.

17    14.    Except as otherwise provided in the Sale Motion and/or in the Sale Agreement and

18  any related documents, the Assets shall be sold, transferred, and delivered to Acquisition Corp. on

19  an "as is, where is" and "with all faults" basis.

20    15.    Acquisition Corp. is approved as purchaser in good faith in accordance with Section

21  363(m) of the Bankruptcy Code, and Acquisition Corp. shall be entitled to all of the protections of

22  Section 363(m) of the Bankruptcy Code.

23    16.    Nothing contained in any plan of reorganization or liquidation confirmed in this

24  chapter 11 case or any order of this Court confirming such plan or any other order entered in this

25  chapter 11 case shall conflict with or derogate from the provisions of the Sale Agreement or the

26  terms of this Order.

27

28

PRINTED ON
RECYCLED PAPER

7827352v1

- 8 -

1    17.    This Order shall be effective immediately upon entry.  No automatic stay of

2    execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules

3    6004(h) or 6006(d), applies with respect to this Order.

4    18.    This Court shall retain jurisdiction to enforce and implement the terms and

5    provisions of this Order and the Sale Agreement, all amendments thereto, any waivers and consents

6    thereunder, and each of the documents executed in connection therewith in all respects, including

7    retaining jurisdiction to (a) compel delivery of the Assets to Acquisition Corp., (b) resolve any

8    disputes arising under or related to the Sale Agreement, (c) resolve any disputes regarding liens,

9    claims, or interests asserted against the Assets; and (d) resolve any disputes regarding liens, claims,

10   or interests asserted, or other issues arising under or related to the assumption and assignment of the

11   Assigned Contracts.

12   19.    The Sale Agreement and any related documents or other instruments may be

13   modified, amended or supplemented by the parties thereto, in a writing signed by both parties

14   without further order of the Court, provided that any such modification, amendment or supplement

15   does not have a material adverse effect on the Debtor's bankruptcy estate.

16

17                                        #   #   #

18

19

20

21

22

23   DATED: June 6, 2011

24                                        United States Bankruptcy Judge

25

26

27

28

PRINTED ON
RECYCLED PAPER
7827352v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1900 Avenue of the Stars, Seventh Floor, Los Angeles, California  90067-4308

A true and correct copy of the foregoing document described as ***ORDER AUTHORIZING: (A) SALE OF CERTAIN ASSETS OF THE ESTATE, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) RELATED RELIEF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***June 1, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

*Served By Overnight Mail*:
Hon. Geraldine Mund, United States Bankruptcy Court; 21041 Burbank Boulevard, Suite 342, Woodland Hills, CA 91367

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***June 1, 2011,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Amit Mehta     amitmehta@paulhastings.com
Jennifer B. Hildebrandt     jenniferhildebrandt@paulhastings.com
John Alexander     alexanderj@hunton.com
Gregory G. Hesse     ghesse@hunton.com
Daniel H Reiss     dhr@lnbyb.com
Gwendolen DeWitt     Long GDL@lnbyb.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 1, 2011 | Claudean Brandon | /s/ Claudean Brandon |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ___ORDER AUTHORIZING: (A) SALE OF CERTAIN ASSETS OF THE ESTATE, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) RELATED RELIEFe___ was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** ¥ Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___*June 1, 20111*___, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- John H Dolan     jdolan@hunton.com
- Alexis M McGinness     amm@jmbm.com, vr@jmbm.com;fc3@jmbm.com
- David M Poitras     dpoitras@jmbm.com
- Daniel H Reiss     dhr@lnbyb.com
- S Margaux Ross     margaux.ross@usdoj.gov
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                  **F 9021-1.1.NOTICE.ENTERED.ORDER**