DAVID M. POITRAS P.C. (CA Bar No. 141309)
ALEXIS M. McGINNESS (CA Bar No. 241449)
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 712-8571
Email:       dpoitras@jmbm.com

Counsel for Westrim, Inc.,
Debtor and Debtor-in-Possession

**FILED & ENTERED**

JUL 18 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY najarian    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | CASE NO.   1:11-bk-15313-GM |
| WESTRIM, INC. dba WESTRIM CRAFTS, a Delaware corporation. | Chapter 11 |
| Debtor. | **ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING: (A) SALE OF CERTAIN ASSETS OF THE ESTATE, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) DISPOSAL OF CERTAIN ENVIRONMENTAL AND CONSUMER NON-COMPLIANT PRODUCTS; AND (C) ABANDONMENT OF CERTAIN PERSONAL PROPERTY** |
| | Hearing: |
| | Date:   July 12, 2011<br>Time:   10:00 a.m.<br>Place:  Courtroom 303<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 91367 |
| | Judge:  Hon. Geraldine Mund |

A hearing on the Motion for Order Authorizing: (A) Sale of Certain Assets of the Estate, Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Disposal of Certain Environmental and Consumer Non-Compliant Products; and (C) Abandonment of Certain Personal

Property (the "Liquidation Sale Motion") filed by Westrim Inc. dba Westrim Crafts, debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), was held on July 12, 2011 at 10:00 a.m. (the "Hearing").  Appearances were as noted on the record.  Any capitalized terms not otherwise defined herein are as defined in the Liquidation Sale Motion, as applicable.

Having considered the Liquidation Sale Motion, the Declaration of Ronald B. Cooper ("Cooper Declaration") and Supplemental Declaration of Ronald B. Cooper ("Supplemental Declaration") and all related pleadings in support, any opposition thereto, and the arguments of counsel,

**THE COURT FINDS THAT:**

A. Notice of the Hearing and the Liquidation Sale Motion was proper and adequate and a reasonable opportunity to object or be heard with respect to the Liquidation Sale Motion has been afforded to all interested persons and entities.

B. The terms and conditions of the Liquidation Sale, including the minimum purchase prices to be paid to Debtor are (i) fair and reasonable, (ii) represent the  best means to liquidate the Remaining Assets (as such term is defined in the Liquidation Sale Motion), (iii) will provide a greater recovery for Debtor's creditors than would be provided by any practical available alternative, and (vi) constitute fair consideration for the Remaining Assets.  As such, the Sale Transactions (as defined below) are in the best interests of Debtor's creditors and estate and there is sound business justification for the sale of the Remaining Assets.

C. No consents or approvals, other than this Order, are required for Debtor to consummate the sale transactions to purchasers of the Remaining Assets to acquire the Remaining Assets.

D. Upon entry of this Order, Debtor will have full corporate power and authority to consummate the transactions contemplated by the Liquidation Sale Motion, as set forth in more detail hereinbelow in Section 4 (the "Sale Transactions").  The Sale Transactions  have been duly

and validly authorized by all necessary corporate action of Debtor and will, upon consummation thereof (the "Closings"), (i) be a legal, valid and effective transfer the specific Remaining Assets to the appropriate purchaser and (ii) vest such purchaser with good title to the specific Remaining Assets free and clear of all liens, claims, encumbrances and interests.

E.    Debtor may consummate the Sale Transactions, including the transfer of the specific Remaining Assets to purchasers free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever because one or more of the standards set forth in Sections 363(f)(1) - (5) of the Bankruptcy Code has been satisfied. Those non-debtor parties with liens, encumbrances and interests of any kind or nature whatsoever in the Remaining Assets who did not object to the Liquidation Sale Motion and the relief requested therein, or who withdrew their objections, to the Sale Transactions are deemed to have consented pursuant to Sections 363(f)(2) and 365 of the Bankruptcy Code. Those non-debtor parties with liens, claims, encumbrances and interests of any kind or nature whatsoever in the Remaining Assets who did object to the Liquidation Sale Motion and the relief requested therein fall within one or more of the subsections of Section 363(f) and 365 of the Bankruptcy Code and are adequately protected by having their liens attach to the net sale proceeds of the Sale Transactions with the same validity, enforceability, priority, force and effect that they now have as against the Remaining Assets, subject to the rights, claims, defenses and objections, if any, of Debtor and all interested parties with respect to such liens or the claims secured thereby.

F.    Debtor's interest in the Unsold Assets after the expiration of the TSA is of inconsequential value or benefit for the estate and is burdensome to Debtor's estate.

Based on the foregoing and the other findings and conclusions stated orally in the record, and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.    The Notice of the Hearing and the Liquidation Sale Motion is approved as proper and adequate under the circumstances.

2.    The Liquidation Sale Motion is granted, and the Sale Transactions are approved as proposed.

    3.    All objections to the Liquidation Sale Motion, including, without limitation, any objections interposed at the hearing on the Sale Motion, or the relief requested therein that have not been withdrawn, waived, or settled, and all reservation of rights included therein, are hereby overruled on the merits.

    4.    Debtor is authorized to sell specific Remaining Assets in accordance to the terms and conditions set forth in the Liquidation Sale Motion and Supplemental Declaration, including but not limited to:

    a.    Debtor is hereby authorized to sell the Truck (as defined in the Liquidation Sale Motion) to Victor Chevalier at the purchase price of $3,190.00.

    b.    Debtor is authorized to sell the Bead Inventory as proposed in the Supplemental Declaration;

Debtor is authorized to sell the Non-Bead Inventory as proposed in the Liquidation Sale Motion to the highest bidder;

    c.    Debtor is authorized to sell specified Fixed Assets to those parties identified in Exhibit E of the Supplemental Declaration for a purchase price of no less than the amount set forth in the Exhibit E, <u>provided, however</u>, if Debtor receives an offer to purchase the specific Fixed Asset at a higher price, Debtor may sell such specific Fixed Asset to such willing purchaser;

    5.    Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, upon Closing, the specific Remaining Assets shall be transferred by Debtor to the appropriate parties, free and clear of all security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, easements, restrictions, interests or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to as "<u>Liens</u>" herein) and all debts arising in any way in connection with any acts of Debtor, including without limitation all claims (as such term is defined in the Bankruptcy Code), obligations, demands, rebates, allowances, credits, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, arising prior to the Closings or relating to acts occurring prior to the Closings,

and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "Claims") herein.

6. Unless the holders of the Liens and Claims have agreed to other treatment, their Liens or Claims shall attach to the net sale proceeds of the Sale Transactions with the same force, effect, validity and priority that previously existed against the specified Remaining Assets.

7. Immediately upon receipt, the net sale proceeds of the Sale Transactions are to be held by Debtor in a segregated interest bearing account until August 23, 2011 (the "Challenge Deadline"), which date reflects the deadline by which the Creditors' Committee shall file, on behalf of Debtor's estate, and to serve upon counsel for Newstar, a procedurally proper challenge respecting the validity, extent, priority, avoidability or enforceability of the Pre-Petition Debt or the Pre-Petition Liens and security interests (each a "Challenge").  If a chapter 11 or chapter 7 trustee is appointed prior to the Challenge Deadline, such trustee shall have an additional thirty (30) days in which to file and serve a Challenge upon counsel for Newstar ("Trustee's Challenge Deadline").  In the event (i) a Challenge is not filed and properly served by the Challenge Deadline, or (ii) a final order is entered denying all such Challenges, then Debtor shall pay the net sale proceeds of the Sale Transactions to Newstar Business Credit, LLC, up to the amount of its pre-petition and post-petition secured claims.  In the event a Challenge is filed and properly served by the Committee prior to the Challenge Deadline (or Trustee's Challenge Deadline, if appropriate), Debtor shall continue to hold the net sale proceeds of the Sale Transactions in a segregated interest bearing account until entry of a final order adjudicating such Challenge.

8. All persons and entities, including, but not limited to, all holders of Debtor's indebtedness, debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding Liens or Claims against Debtor or the specific Remaining Assets sold (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated, known or unknown), arising on or before the Closings, or out of, under, in connection with, or in any way relating to, events occurring prior to the Closings, with respect to the specific Remaining Assets sold, hereby are forever barred,

estopped, and permanently enjoined from asserting such Liens and Claims of any kind and nature against he purchaser, its successor or assigns, their property, or the specific Remaining Assets sold.

9. Debtor is authorized to execute any such bill of sales, releases, termination statements, assignment, consents or instruments on behalf of any third party, including the holders of any Liens or Claims, that are necessary or appropriate to effectuate or consummate the Sale Transactions in accordance with this Order.

10. Debtor, and any escrow agent upon Debtor's written instructions, shall be authorized to make such disbursements on or after the Closings as are required by the order of this Court, including, but not limited to, payment of taxes arising or resulting from or in connection with the ownership of the Remaining Assets attributable to the period pre-Closings.

11. The execution of any Bill of Sales by Debtor and its officers, employees and agents is hereby ratified as fully authorized, and Debtor and its officers, employees and agents may further execute all other related documents as are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

12. The specific Remaining Assets sold shall be sold, transferred and delivered to the appropriate parties on an "as is, where is" and "with all faults" basis.

13. Nothing contained in any plan of reorganization or liquidation confirmed in this chapter 11 case or any order of this Court confirming such plan or any other order entered in this chapter 11 case shall conflict with or derogate from the terms of this Order.

14. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h) or 6006(d), applies with respect to this Order.

15. This Court shall retain jurisdiction to enforce and implement the terms and provisions of this Order, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of specific Remaining Assets sold and (b) resolve any disputes regarding liens, claims or interests asserted against the Remaining Assets.

**IT IS HEREBY FURTHER ORDERED THAT**

16.    Debtor is authorized to retain the services of Crown Disposal or other similar service provider, and properly dispose of the Non-Compliant Products.

**IT IS HEREBY FURTHER ORDERED THAT**

17.    Debtor is authorized to abandon the Remaining Assets that it is unable to otherwise liquidate as of the expiration of the TSA (the "Unsold Assets"), pursuant to 11 U.S.C. § 544.

18.    To the extent that Debtor anticipates any Unsold Assets as of July 31, 2011, Debtor shall provide notice to Newstar prior to July 31, 2011.

19.    In accordance with the terms of the Order Granting Motion for Relief from Stay Under 11 U.S.C. § 362 (Unlawful Detainer) entered July 5, 2011 [Docket No. 125] ("Relief Order"), upon Debtor's abandonment of the Unsold Assets on the expiration of the TSA, to the extent such Unsold Assets remain in the Van Nuys Warehouse at the close of business on July 31, 2011, Newstar, as secured lender of Debtor, shall have until close of business on August 15, 2011, in which to remove the Unsold Assets from the Van Nuys Warehouse subject, however, to the terms and conditions of the Waiver of Landlord attached as Exhibit 2 to the Relief Order and in the event that DCWV does not pay rent for its continued occupancy of the Van Nuys Warehouse, Newstar shall be obligated to pay such rent as provided in the Landlord Waiver.

###

DATED: July 18, 2011

United States Bankruptcy Judge

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, Seventh Floor, Los Angeles, California 90067-4308

A true and correct copy of the foregoing document described as ***ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING: (A) SALE OF CERTAIN ASSETS OF THE ESTATE, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) DISPOSAL OF CERTAIN ENVIRONMENTAL AND CONSUMER NON-COMPLIANT PRODUCTS; AND (C) ABANDONMENT OF CERTAIN PERSONAL PROPERTY*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On ***July 12, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Served By Overnight Mail*:
Hon. Geraldine Mund
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***July 12, 2011,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 12, 2011 | Claudean Brandon | /s/ Claudean Brandon |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*  **F 9013-3.1.PROOF.SERVICE**

August 2010

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**

Attorneys For Newstar Business Credit LLC
John Alexander    alexanderj@hunton.com

Attorneys For Van Nuys International Center LLC
Ronald K Brown    rkbgwhw@aol.com

Attorneys For Creditors Committee
Gwendolen D. Long    GDL@lnbyb.com

Attorneys For Acquisition Corp.
Jennifer Hildebrandt    jenniferhildebrandt@paulhastings.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ***ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING: (A) SALE OF CERTAIN ASSETS OF THE ESTATE, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) DISPOSAL OF CERTAIN ENVIRONMENTAL AND CONSUMER NON-COMPLIANT PRODUCTS; AND (C) ABANDONMENT OF CERTAIN PERSONAL PROPERTY*** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** ¥ Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ***July 12, 2011***, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9021-1.1.NOTICE.ENTERED.ORDER**

**I. TO BE SERVED BY THE COURT VIA NEF:**

- Michael C Abel    mcabel@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Vanessa L Au    vanessaau@paulhastings.com
- Julia W Brand    JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Ronald K Brown    rkbgwhw@aol.com
- John H Dolan    jdolan@hunton.com
- Jeffery D Hermann    jhermann@orrick.com
- Alexis M McGinness    amm@jmbm.com, vr@jmbm.com;fc3@jmbm.com
- David M Poitras    dpoitras@jmbm.com
- Daniel H Reiss    dhr@lnbyb.com
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov


**III. TO BE SERVED BY THE LODGING PARTY:**

**SERVED BY EMAIL:**

**COMMITTEE OF UNSECURED CREDITORS**
Nord Race Paper International Limited
  adrianlau@nordrace.com
Dumont Promotional Images, Inc.
  Ken@dupro.com; brad@CSSales.com; lisa@CSSales.com
Edwards Properties
  peggy@edcspringdale.com
Tin Hung Products Factory HK
  lap@tinfultd.com
French Paper Co.
  French@frenchpaper.com; fenske@frenchpaper.com
Banaras Beads Limited
  saha@beadsonweb.com; info@banarasbead.com
CSA Canadian Sales Agency, Inc.
  herman@csatransportation.com

**SERVED BY EMAIL:**

**ADDITIONAL ENTITIES TO SERVE**
<u>Agent for Bridge Lenders</u> -
Ron Cooper    ron.cooper@creativityinc.com
<u>Attorneys For Acquisition Corp.</u>
Jennifer Hildebrandt    jenniferhildebrandt@paulhastings.com
<u>Attorneys For Acquisition Corp.</u>
Amit Mehta    amitmehta@paulhastings.com
<u>Attorneys For Newstar Business Credit LLC</u>
John Alexander    alexanderj@hunton.com
<u>Attorneys For Newstar Business Credit LLC</u>
Gregory Hesse    ghesse@hunton.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9021-1.1.NOTICE.ENTERED.ORDER**